UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODERICK COLEMAN,

    Plaintiff,

  v.

LT. CASEY,

    Defendant.
                             /

No. C 09-4641 MHP (pr)

**ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL**

      Roderick Coleman, an inmate at the San Francisco County Jail, has filed a civil rights complaint under 42 U.S.C. § 1983 and has applied to proceed in forma pauperis.

      A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court must consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

      For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. Dismissal of an action

under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders and docket sheets in Coleman's prior prisoner actions in this court reveals that Coleman has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Coleman is now given notice that the court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): Coleman v. Mabang, C94-216 MHP, Coleman v. Gomez, C94-445 MHP, Coleman v. Gomez, C94-751 MHP, and Coleman v. Marshall, C92-032 MHP.

In light of these dismissals, and because Coleman does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **December 11, 2009** why in forma pauperis should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why the action should not be dismissed, Coleman may avoid dismissal by paying the full $350.00 filing fee by the deadline.

IT IS SO ORDERED.

DATED:  November 18, 2009

_____
Marilyn Hall Patel
United States District Judge

2