UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK COLEMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>LT. CASEY,<br><br>    Defendant.<br>                               / | No. C 09-4641 MHP (pr)<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Roderick Coleman, an inmate at the San Francisco County Jail, filed this <u>pro se</u> civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A. Also before the court for consideration is Coleman's response to the order to show cause why pauper status should not be denied.

## BACKGROUND

The acts and omissions giving rise to the claims in this action occurred while Coleman was incarcerated in Francisco County Jail # 1. Coleman alleges that he received a disciplinary write-up on June 6, 2009 from deputy Lawsha, who claimed that he was verbally abusive toward a nurse and charged him with violating jail rules 11, 13, and 17. On June 7, 2009, lieutenant Casey allegedly considered the matter and found Coleman guilty of violating rule 13. Coleman alleges that he received a 30-day disciplinary lockup as a result of lieutenant Casey's finding.

Coleman alleges that there were several problems with regard to the disciplinary decision. First, he appears to contend that his alleged conduct of being verbally abusive did not amount to a violation of rule 13, which states that "[p]risoners shall obey any order given

by any staff member at any time."  Complaint, ¶ 6 and Ex. 2.  Second, he appears to allege that the disciplinary write-up falsely stated that he admitted to disrupting pill call and requested a 30-day lockup.  Complaint, ¶ 8.  Third, the complaint (liberally construed) appears to allege that he did not receive a notice of rights hearing.  Id. at ¶ 9.

## DISCUSSION

A.  Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Disciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without due process, i.e., without complying with the procedural requirements of Wolff v. McDonnell, 418 U.S. 539 (1974).  See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996).  Liberally construed, the complaint alleges a cognizable claim against defendant lieutenant Casey, who allegedly conducted a disciplinary proceeding without giving adequate notice of the hearing to the inmate and who found the inmate guilty based on false and insufficient evidence of a violation of jail rule 13.

B.  The Order To Show Cause Regarding Pauper Status

On November 19, 2009, the court ordered Coleman to show cause why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The order identified four prior dismissals that appeared to count under § 1915(g) and ordered Coleman to show cause why pauper status should not be denied and the referenced action dismissed. Coleman filed a letter and declaration in response to the order to show cause on December 4, 2009, although he inexplicably filed it in another of his actions, Coleman v. Forde, Case. No. C 09-5399 MHP.

  Upon review of Coleman's letter and the case files for the dismissals identified in the order to show cause, the court now determines that Coleman had only two instead of the necessary three prior dismissals for purposes of § 1915(g).  Coleman's litigation history is suggestive of a litigant who loses interest in litigation once he starts it rather than one who has filed enough actions that were determined to be frivolous, malicious, or failed to state a claim upon which relief may be granted.  Coleman v. Mabang and Soto, Case No. C 94-216 MHP, and Coleman v. Gomez, Case No. C 94-445 MHP, are dismissals that can be counted under § 1915(g) because they were filed by the same Roderick Coleman as the plaintiff here and the complaint in each was determined to have failed to state a claim upon which relief may be granted.   The other two cases were dismissed for reasons that do not count as dismissals for purposes of § 1915(g): Coleman v. Gomez, Case No. C 04-751 MHP, was dismissed because Coleman failed to file a completed pauper application, and Coleman v. Marshall, Case No. C 92-032 MHP, was voluntarily dismissed with prejudice by plaintiff after defendants filed their motion for summary judgment.  Accordingly, the order to show cause is discharged.  Plaintiff is not barred from proceeding as a pauper in this action.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff has stated a cognizable § 1983 claim against defendant Casey for violation of his Fourteenth Amendment right to due process.

2. The clerk shall issue a summons and the United States Marshal shall serve,

3

without prepayment of fees, a copy of the complaint and this order upon the following defendant: San Francisco Sheriff's lieutenant Casey, who apparently works at the San Francisco County Jail # 1.

  3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **March 26, 2010**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **April 30, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c. If defendants wish to file a reply brief, they must file and serve the reply brief no later than **May 14, 2010**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until

4

a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Any document plaintiff sends to the court for filing must be sent in an envelope addressed to the clerk, rather than addressed to the undersigned, so that the materials will reach the court file and be docketed.

IT IS SO ORDERED.

Dated: January _8, 2010            _____
                                   Marilyn Hall Patel
                                   United States District Judge

5