UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK COLEMAN, | No. C 09-4641 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| LT. CASEY, | |
| Defendant. | |

## INTRODUCTION

Plaintiff, an inmate at the San Francisco County Jail, filed a <u>pro se</u> civil rights action for damages under 42 U.S.C. section 1983. Defendant has moved to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff did not properly exhaust available administrative remedies. Plaintiff has filed an opposition. For the reasons discussed below, the court will grant the motion.

## BACKGROUND

A.   <u>Scope of Complaint</u>

Coleman filed this action while he was incarcerated at San Francisco County Jail. In his complaint, Coleman alleged that he had received a notice of rule violation ("NRV") on June 6, 2009 for being verbally abusive toward a nurse (i.e., insulting the nurse's hairdo). On June 7, 2009, lieutenant Casey allegedly considered the matter and found Coleman guilty of violating jail rule # 13. That finding allegedly led to Coleman receiving a thirty-day disciplinary lockup.

The court conducted an initial review under 28 U.S.C. section 1915A. The court liberally construed the complaint, and determined that it stated a cognizable due process claim against defendant lieutenant Casey, who allegedly conducted a disciplinary proceeding without giving adequate notice of the hearing to Coleman and who found Coleman guilty based on false and insufficient evidence of a violation of jail rule # 13.

B.      Administrative Exhaustion Efforts

Coleman filed only one grievance that arguably relates to the disciplinary decision. On June 19, 2009, he filed an inmate grievance in which he complained that "[i]nmates constitutional rights are disregarded by Sheriff Deputies Hearing Procedure," in that the inmates are denied several listed "rights." Complaint, Exh. 3 (errors in source). In his grievance, Coleman did not mention the June 6 incident or the June 7 disciplinary proceeding.

The supervisor wrote this response to Coleman's June 19 grievance: "Coleman feels that the deputized staff does not interview witnesses to fights. Coleman also feels that a neutral party should be available to interview witnesses to fights and other incidents. For the record, supervisors do interview witnesses to incidents. However, we do not have a neutral party available on each [illegible] to immediately start [illegible]." Id.

Coleman apparently checked the box on the form indicating he wanted to further appeal his grievance (instead of being "satisfied with response"). The Facility Commander responded: "In order to investigate your claims, please provide date and time of violation, a copy of the NRV and details supporting your allegations." Id. Coleman did not respond to the Facility Commander's request for information.

On July 7, 2009, Coleman requested the paperwork for his June 6 rule violation. Coleman noticed that his signature had been forged on the Notice of Right to Hearing form. See Complaint, Exh. 4.

Coleman filed this action on September 30, 2009.

Two weeks later, on October 16, 2009, Coleman called and left a voicemail message for Chief Deputy Keller concerning the apparently forged signature on his Notice of Right to

2

1  Hearing form. Keller responded that his complaint was being investigated. Coleman Decl.,
2  Exh. 4 (Docket 18).

## DISCUSSION

4  "No action shall be brought with respect to prison conditions under [42 U.S.C. section
5  1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
6  correctional facility until such administrative remedies as are available are exhausted." 42
7  U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by section 1997e(a) is mandatory.
8  Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those
9  remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"
10 Id. (citation omitted). Even when the prisoner seeks relief not available in grievance
11 proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v.
12 Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits
13 about prison life, whether they involve general circumstances or particular episodes, and
14 whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The
15 PLRA exhaustion provision requires "proper exhaustion" of available administrative
16 remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

17       Non-exhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 549 U.S.
18 199, 211 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). It should be treated
19 as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in]
20 a motion for summary judgment." Wyatt, 315 F.3d at 1119 (citations omitted). In deciding a
21 motion to dismiss for failure to exhaust administrative remedies under section 1997e(a), the
22 court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If
23 the court concludes that the inmate has not exhausted the jail's administrative process, the
24 proper remedy is dismissal without prejudice. Id. Here, defendant properly used a Rule
25 12(b) motion to assert nonexhaustion.

26       The administrative remedy process available at the San Francisco County Jail at the
27 relevant time is described in the Sheriff's Department written policy that provides a grievance
28 process to inmates to allow redress of conditions related to confinement. With regard to

complaints against staff, the jail's formal administrative grievance process is simple. Firstly, the inmate completes a grievance form to file a complaint against staff, and the prisoner and staff member attempt to resolve the grievance immediately. See Keller Decl., Exh. A, p. 4. Secondly, the Watch Commander logs the grievance and has five days to resolve it if it is not immediately resolved. Thirdly, an inmate may appeal a Watch Commander's decision to a Facility Commander, who "has 5 days to resolve and return the grievance to the prisoner." Id. Fourthly, if the prisoner is unsatisfied, he then appeals the grievance to the Custody Division Commander, who has seven days to respond. (Chief Deputy Veronica Keller was the Custody Division Commander in this case.) A Custody Division Commander's decision is final and completes the appeal process.

The San Francisco Sheriff's Department has no record of any potentially relevant grievance from Coleman other than the one dated June 19, 2009. That grievance form has the Facility Commander's response dated July, 6, 2009, requesting the "date and time of violation, a copy of the NRV and details supporting … allegations." Complaint, Exh. 3. The Sheriff's Department's files and records contain no records that Coleman either provided further details to the Facility Commander or appealed to the Custody Division Commander. Coleman contends that the Facility Commander was being an obstructionist by requesting further information. However, given that the connection between the June 9, 2009 NRV and the June 19, 2009 grievance form was not apparent, the Facility Commander's request was a reasonable effort to understand the subject of Coleman's discontent.

Coleman later contacted Chief Deputy Keller, but that communication did not concern the subject matter of his original grievance. The original grievance alleged that inmates subjected to discipline are deprived of their constitutional rights to investigative employees, a fair hearing, access to witnesses, access to interpreters, and ability to question the witnesses. Id. at 2. By contrast, his voicemail message to Chief Keller about three months later concerned his belief that someone had forged his name on the Notice of Right to Hearing form. Given that Coleman had not provided the information requested by the Facility Commander, and given that this message concerned a different problem, the voicemail

4

message did not amount to an appeal of the Facility Commander's response.

Further, even if the voicemail message and the original grievance were related, Coleman failed to satisfy the exhaustion requirement because he did not contact the Chief Deputy Commander until October 16, 2009, and that was two weeks after he filed his federal civil rights complaint on September 30, 2009. An action must be dismissed if the prisoner did not exhaust his administrative remedies before filing suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Even assuming that the voicemail constitutes an appeal, it was too late to matter for purposes of section 1997e(a).

Coleman did not exhaust his administrative remedies before filing this action. The action must be dismissed.

## CONCLUSION

Defendant's motion to dismiss for failure to properly exhaust available administrative remedies is GRANTED. (Docket #9). The action is DISMISSED without prejudice. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 28, 2010

                         Marilyn Hall Patel
                         United States District Judge